UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EDELSTEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WESTLAKE WELLBEING PROPERTIES, LLC, et al., <br><br> Defendants. | Case No. CV 17-06488-AB (JEMx) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [11]** |

Before the Court is Plaintiffs Scott Edelstein ("Edelstein") and Steven Brooks' ("Brooks") (collectively, "Plaintiffs") Motion to Remand Action to State Court (hereinafter, "Mot.," Dkt. No. 11). Defendant Westlake Wellbeing Properties ("Westlake Properties") filed an opposition and Plaintiffs filed a reply. The Court heard oral argument on November 3, 2017. For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

**I.    FACTUAL BACKGROUND**

Plaintiff Scott Edelstein is a resident of New York. (First Amended Complaint ("FAC," Dkt. No. 10") ¶ 1.) Plaintiff Steven Brooks is a resident of Thousand Oaks, California. (FAC ¶ 2.) Defendant Westlake Properties is a Delaware limited liability company with a principal place of business in Westlake Village, California. (FAC ¶ 3.)

1.

Westlake Properties owns the Four Seasons Westlake Village ("Westlake Four Seasons"). (FAC ¶ 3.) Defendant Four Seasons Hotel ("Four Seasons") is a Canada corporation that manages more than thirty hotels and resorts across the United States, including the Westlake Four Seasons. (FAC ¶ 4.)

In 2017, Edelstein used his MasterCard credit card to pay for his stay at the Westlake Four Seasons. (FAC ¶ 10.) Defendants provided him with a printed receipt for his payment. (FAC ¶ 10.) The printed receipt that Defendants provided Edelstein contained more than the last five digits of the credit card account number and the card's expiration date. (FAC ¶ 10.) That same year, Brooks used his Visa credit card to pay for his stay at the Westlake Four Seasons. (FAC ¶ 11.) Defendants provided him with a printed receipt for his payment. (FAC ¶ 11.) The printed receipt Brooks received contained more than the last five digits of the credit card account number and the credit card expiration date. (FAC ¶ 11.) Plaintiffs allege that beginning on January 1, 2015, if not earlier, through at least April 2017, Defendants have provided credit card and debit card receipts that contained more than the last five digits of the account number and the card expiration date through machines that were provided to customers at the point of sale. (FAC ¶ 12.) Plaintiffs allege that the receipts Defendants provided violate the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §§ 1681, *et seq.*, and assert their claim as a putative class action.

**II.     PROCEDURAL BACKGROUND**

Defendants removed this action from state court to this Court on September 1, 2017. (*See* Dkt. No. 1, Defendants' Notice of Removal.) On September 28, 2017, Plaintiffs filed their First Amended Complaints alleging a violation of FACTA on behalf of the individual Plaintiffs and all those similarly situated. (*See* FAC.) On October 3, 2017, Plaintiffs filed their Motion to Remand, arguing that they lack Article III standing to pursue their claim in federal court, so it must proceed in state court.

## III. LEGAL STANDARD

To bring suit in federal court, a party must meet the standing requirements of Article III of the Constitution. Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016). The "irreducible constitutional minimum" of standing consists of three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and, (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*

## IV. DISCUSSION

Plaintiffs' argument in favor of remand is based on a lack of Article III standing. (*See* Mot.) Plaintiffs argue that the Supreme Court's opinion in *Spokeo, Inc v. Robins* in conjunction with the Ninth Circuit's opinion in *Robins v. Spokeo, Inc.* compels the finding that there is no injury-in-fact in this case. (Mot. at 5–7.) The Court agrees.

In *Spokeo*, the plaintiff sued Spokeo for violations of the Fair Credit Reporting Act ("FCRA") based on Spokeo's online publication of incorrect information about him including his education level, socioeconomic status, age, and marital status. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1117 (9th Cir. 2017) (*Spokeo II*). The District Court dismissed his action for lack of standing, specifically, that he had failed to plead an injury-in-fact. *Robins v. Spokeo, Inc.*, 742 F.3d 409, 411 (9th Cir. 2014) (*Spokeo I*). The Ninth Circuit reversed, holding that Robins had alleged sufficient injury to establish standing. *Spokeo I*, 742 F.3d at 413. The Supreme Court reversed the Ninth Circuit's decision and remanded the case, directing the Ninth Circuit to specifically consider whether Robins had alleged a sufficiently *concrete* injury. *Spokeo*, 136 S. Ct. at 1550. While acknowledging that Congress retains the power to "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law," the Court emphasized that Congress's elevation of intangible harms does not mean

that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants an individual a statutory right and then authorizes suit on behalf of any person. *Spokeo*, 136 S. Ct. at 1549. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. "A bare procedural violation" is not sufficient, in the absence of concrete harm, to satisfy the injury-in-fact requirement. *Id*.

The Court then explained that a risk of real harm could satisfy the concreteness requirement. *Id*. The law has often recognized that risk of intangible harms merits recovery as evidenced by the existence of torts like libel or slander *per se*. *Id*. Thus, the Court did not exclude the possibility that a statutory violation, as articulated by Congress, may by itself be sufficient to satisfy the concreteness requirement. *Id*. However, this will not always be the case. *Id*. In the Court's opinion, this was not the case with the FCRA. *Id*. at 1550.

On remand, the Ninth Circuit sought to fashion a test for concreteness in light of the Supreme Court's analysis. *Spokeo II*, 867 F.3d at 1113. The test the court adopted is two-pronged: (1) whether the statutory provisions at issue were established to protect his concrete interest (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests. *Id*. The court found that by enacting the FCRA, Congress sought to protect a concrete interest, not simply a procedural right, because of the well-known risks involved in the publication of incorrect consumer reports. *Id*. at 1114. It then went on to find that Robins faced a material risk of harm because not only did Spokeo aggregate incorrect information that pertained to important aspects of Robins' life, it also published such incorrect information on the Internet. *Id*. at 1116–17.

Here, Plaintiffs are alleging a violation of FACTA. (*See* FAC.) In support of their claim, Plaintiffs allege that Defendants printed more than five digits of their credit cards on a receipt and that this receipt was given to Plaintiffs. (FAC ¶¶ 10–11.) While FACTA grants Plaintiffs the statutory right to be protected from such conduct and authorizes suit in instances of violation, this bare procedural violation is not sufficient to

allege an injury-in-fact. Unlike the plaintiff in *Spokeo*, Plaintiffs have not plead any facts to show that the sensitive information printed on the receipts was seen by anyone except them. Recently, a court in this District made this precise distinction between the facts in *Spokeo* and a FACTA violation. *Alvarado v. Univ. of S. Cal.*, No. 17-3671-GW(AJWx), 2017 U.S. Dist. LEXIS 155608, at *4–5 (C.D. Cal. Sept. 22, 2017). The simple printing of the digits on the receipt does not create a sufficient risk of harm like the kind Congress sought to protect when it enacted FACTA. *Alvarado*, 2017 U.S. Dist. LEXIS 155608, at *5. In enacting FACTA, Congress' main concern was identity theft. *Id*. Plaintiffs here have pled no facts that suggest that Defendants' actions exposed them to a material risk of identity theft or other kinds of economic and reputational harm. Since Defendants have failed to distinguish *Alvarado* from the case at bar, the Court finds it apposite and holds that Plaintiffs have not alleged a concrete enough injury to satisfy the injury-in-fact requirement.

      We turn next to the issue of the appropriate remedy for Plaintiffs' lack of standing. Plaintiffs rely on a recent case from the Ninth Circuit to argue that in the absence of Article III standing, this Court should remand a removed action back to state court. (Mot. at 8.) The Court agrees.

      In *Polo v. Innoventions International*, the Ninth Circuit determined that a district court must remand a removed action if it finds that it cannot exercise subject-matter jurisdiction. *Polo v. Innoventions Int'l, L.L.C.*, 833 F.3d 1193, 1196 (9th Cir. 2016). Lack of Article III standing is a subject-matter jurisdiction defect for which the appropriate remedy is remand, not dismissal. *Id.* "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Id.* While the *Polo* case involved only state claims remanded back to state court, the case at bar involves the violation of a federal statute. However, the rationale of *Polo* does not draw such a distinction and requires remand whether the claim is brought under state or federal law. *Advocates for Individuals with Disabilities L.L.C. v.*

*Home Depot USA Inc.*, No. CV-16-01002-PHX-ROS, 2017 U.S. Dist. LEXIS 6930, at *6 (D. Ariz. Jan. 13, 2017). While the Ninth Circuit has not directly remanded a federal claim back to state court, other circuits have explicitly done so, despite the odd nature of such a transfer. *See Smith v. Wisconsin Dep't of Agric. Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994); *City of Kansas v. Yarco Co.*, 625 F.3d 1038, 1041 (8th Cir. 2010) (remanding entire case, including federal claim); *Roach v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) (remanding case, including § 1983 claim). Since the California Constitution does not contain a "case or controversy" requirement like the one in the Federal Constitution, Plaintiffs may fare better in state court. *Nat'l Paint & Coatings Ass'n, Inc. v. State*, 58 Cal. App. 4th 753, 760–61 (Ct. App. 1997).

## V. CONCLUSION

The Court hereby **GRANTS** Plaintiffs' Motion for Remand and **ORDERS** that Plaintiffs' action be **REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED.**

Dated: November 15, 2017

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE